**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY A. COSS,

Plaintiff-Appellant,

v.

TIFFANY & BOSCO, PA; et al.,

Defendants-Appellees.

No.    19-15240

D.C. No. 4:16-cv-00576-CKJ

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted July 14, 2020**

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Anthony A. Coss appeals pro se from the district court's judgment
dismissing his action alleging federal and state law claims arising out of
foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We
review for an abuse of discretion a dismissal for failure to prosecute, *Al-Torki v.*

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.  Coss's request for oral argument,
set forth in the opening brief, is denied.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996), and we affirm.

The district court did not abuse its discretion by dismissing Coss's claim against defendants Tiffany & Bosco, P.A. and David Cowles for failure to prosecute because Coss failed to comply with the district court's order that directed him to serve these defendants and warned that failure to comply could result in a dismissal. *See id.* (discussing factors that courts must consider in determining whether to dismiss for failure to prosecute). We reject as meritless Coss's contention that the district court's order was ambiguous due to a typographical error as to which party to serve.

The district court did not abuse its discretion by denying Coss's motion for reconsideration because Coss failed to demonstrate any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for relief under Fed. R. Civ. P. 59(e) and 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**